ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2022 DEC 29 AM 10: 24
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LUCAS HORTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | 3-22CV2915-G |
| | § | |
| **PivotHealth Holdings, LLC** | § | |
| **Defendant.** | § | |

**COMPLAINT**

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint PivotHealth Holdings, LLC (Defendant) for two reasons. First is their practice of having telephone solicitations made to consumers on their behalf without the required registration certificate to do so. Second, is the Defendant's practice of having calls made on their behalf that violate numerous provisions of the Telephone Consumer Protection Act ("TCPA"). Third is to obtain damages and other redress caused by Defendant's conduct and breach of contract. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

**JURISDICTION & VENUE**

The Court has subject matter jurisdiction over this action pursuant to Texas Business and Commerce Codes 305 ("TX 305") and 301 ("TX 301"), as well as 28 U.S.C. § 1331, because the main action arises under the TCPA, which provides for multiple private rights of action. The court has personal jurisdiction as the Defendant has called placed calls to Texas residents on their behalf, sells goods and services in Texas, and derives revenue from Texas residents. They are also licensed to sell insurance in the State of Texas.

**PARTIES**

Plaintiff is an individual who resides in Dallas County, Texas. Defendant is a corporation incorporated and existing under the laws of the State of Florida whose primary place of business and corporate headquarters is located at 16220 N Scottsdale Rd Ste 100 SCOTTSDALE, AZ 85254 and the Registered agent is Corporate Creations Network according the Arizona Secretary of State.

**FACTS**

1. TX 305.053 states that, " (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or... If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. TX 301.052 states that anyone selling good or services over the phone may not charge a consumer's card unless the seller proved that, "the consumer may receive a full refund for returning undamaged and unused goods or canceling services by providing notice to the seller not later than the seventh day after the date the consumer receives the goods or services; and the seller will process a refund not later than the 30th day after the date the seller receives the returned goods from the consumer; or a full refund not later than the 30th day after the date the consumer cancels an order for the purchase of services not performed or a pro rata refund for any services not yet performed for the consumer;"

3. The Plaintiff requested a refund from the Plaintiff's attorney the day after purchasing the policy and as of the filing of this complaint, is still being billed over 3 months later.

4. It is a violation of Section 227(c) of the TCPA to make or transmit a telephone solicitation

to any person who is a subscriber to the do not call registry. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c)(5).

5. 47 U.S.C. § 227(b)(1)(A) of the TCPA states that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States - to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

6. 47 CFR 64.1200(d)(1) requires that Defendant have a written telemarketing policy.

7. 47 CFR 64.1200(d)(2) requires that Defendant trains their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

8. Plaintiff is the owner and customary user of a residential cellphone number ending in 0265 and has been on the National Do Not Call List since June 2020.

9. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or 3rd party marketers, with any kind of written or verbal prior express consent to call.

10. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant or any of its proxies place calls to him or to offer him any services.

11. Plaintiff was called by 469-728-6483 on 9/6/2022, 469-544-7215 on 9/7/2022, 469-378-8535 on 9/15/2022, 469-396-5522 on 9/15/2022, 469-370-2104 on 9/16/2022, 469-370-

2104 on 9/20/2022, 469-353-4298 on 9/21/2022, 469-355-4011 on 9/21/2022, 469-367-1612 on 9/22/2022, 469-391-1471 on 9/23/2022, 254-263-4083 on 10/5/2022, 254-263-4083 on 10/5/2022, 469-459-5499 on 10/6/2022, and by 469-340-0362 on 10/10/2022. All calls began with a beep and then a pause (signifying the use of an ATDS) before a live operator came on saying he or she were calling from the "healthcare enrollment center". On the 10/10 call, the Plaintiff completed a dummy sale in order to identify who was behind the calls and purchased an insurance plan with member ID of STM0646641.

12. After purchasing the policy, Plaintiff received an email from the Defendant identifying them as being behind the calls and the carrier of the insurance plan purchased by the Plaintiff. He was also charged $207.20 directly by the Defendant.

13. On October 23rd, the Plaintiff requested a refund for his premium from David Kaminski, an attorney who contacted the Plaintiff on Oct 17th about his claims.

14. A refund was never issued and the Plaintiff has been billed 2 additional times for a total of $621.60.

15. Not being refunded the Plaintiff never intended to have spent cause a major hardship for the Plaintiff since he purchased the policy. He has trouble paying bills and did not have money for Christmas gifts. It also caused a lot of stress and anxiety.

**COMMON FACTUAL ALLEGATIONS**

16. Defendant's agents place unwanted telemarketing calls to solicit consumers to purchase health insurance that they enjoy the benefits from when a policy is sold.

17. All of the calls at issue were made on by or behalf of, for the benefit of, or with the knowledge and with the approval of the Defendant.

18. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing and abstaining from the use of pre-recorded messages, Defendant (or

a third- party acting on their behalf and for their benefit) repeatedly place calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent, the telemarketing license and with pre-recorded messages, Defendant plainly violates the TCPA, 47 U.S.C. § 227, *et seq,* TX 305 and TX 302.

19. By making unauthorized telemarketing call, Defendant have caused the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result from the receipt of such calls. This is in addition to the wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Plaintiff is a custom jeweler and many time the phone rings while he is designing a piece of jewelry. Not only is this annoying. But many times, he will lose where he is in the design as he must let go of his mouse. He also loses his track of thinking.

20. Furthermore, Defendant's agent made the calls knowing that the calls trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

21. The calls were made on Defendant's behalf and with their knowledge and approval.

22. Defendant knew about the calls, received the benefits of the calls, directed that the calls be made, and ratified the making of the calls by receiving monetary benefits from these calls.

23. In response to Defendant's unlawful conduct, Plaintiff files the complaint and seeks an

injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)(1)(A)**
**Telephone Consumer Protection Act**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, or its proxy, called the Plaintiff with the Defendant's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. The calls were made for the express purpose of selling insurance plans that they financially benefit from. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, in light of the willful nature of the offense , treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct. The calls came from spoofed Texas phone numbers, which is an attempt to hide their identity because they know what they are doing is illegal. They also use a fake business name for the same reason.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C.. § 227(c)(3)(F)**
**Telephone Consumer Protection Act**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List Since June of 2020 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for each offense under 227(c)(3)(5)(B). However, in light of the willful nature of the offense, treble damages of $1500 are more than appropriate.

**THIRD CAUSE OF ACTION**
**Violation of § 64.1200(d)(1)**

**Failure to Maintain Written Telemarketing Policy**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1) requires that the Defendant have a written telemarketing policy. Defendant does not and obviously does not think the TCPA applies to them. Plaintiff is entitled to an award of at least $500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B). However, in light of the willful nature of the offense, treble damages of $1500 are more than appropriate

**FOURTH CAUSE OF ACTION**
**Violation of TX 305**
**Texas State TCPA Law**

Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1). Plaintiff also requests the Court award treble damages of $1500 based on Defendant's knowing and/or intentional violations under §305.053(c)(1). Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing calls.

**FIFTH CAUSE OF ACTION**
**Violation of 47 CFR § 64.1200(d)(4)**
**Failure to Provide Identifying Information**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(4) requires that Defendant provide the called party with the name of the

individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. Defendant did not fulfill this requirement, which was why the Plaintiff had to purchase the policy to identify who was behind the calls. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call because of the willful nature of trying to hide their identity until after the policy was purchased.

**SIXTH CAUSE OF ACTION**
**Violation of § 64.1200(d)(1)**
**Failure to Train Telemarketing Personnel**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(2) requires that Defendant trains their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy. Defendant did not do so, resulting in violations against Plaintiff. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense, treble damages of $1500 are more than appropriate.

**SEVENTH CAUSE OF ACTION**
**Violation of Tx 301**
**Failure to Issue a Refund**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 301.104 allows for the a consumer to bring action for recovery of damages under 301.102, which allows for a civil penalty of not more than $10,000 for each violation plus a recovery for damages.

**Prayer For Relief**

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A. An injunction enjoining the Defendant and their affiliates from engaging in the unlawful

conduct set herein;

B. An award of $1500 per call for Causes of Action 1-6 for the 14 calls received by the Plaintiff.

C. An Award of $10,000 for each time (3) the Plaintiff was billed without receiving a refund.

D. Any award of damages to the Plaintiff, as allowed by under the TCPA.

E. An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity: and

F. Such further relief as the Court deems necessary, just, and proper.

**Demand For Jury Trial**

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 12/29/2022 Respectfully submitted,

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

# CIVIL COVER SHEET

3-22CV2915-G

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Lucas Horton

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080 214 909 3341

**DEFENDANTS**

PivotHelath Holdings, LLC

County of Residence of First Listed Defendant: Maricopa
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
DEC 29 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: 47 U.S.C. § 227

Brief description of cause: TCPA violations of making calls with an ATDS to a consumer on the DNC list

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 156,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE: 12/29/2022

SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____